Bartlett, J.
We are obliged to grant a new trial in this case, on account of what seems to us erroneous rulin in the exclusion of evidence.
This is an action brought by a receiver to recover moneys alleged to have come into the hands of the defendants as commissioners to receive subscriptions to the stock of the Rockaway Jockey Club, limited.
The principal question litigated upon the trial was whether a check for $15,000, given to the defendants by one E. G. Hines, was subsequently turned over to Hines by the defendants, in satisfaction of a claim which he had against the club.
George Binns, one of-the defendants, was called as a witness in behalf of the defense, to show that the cheque bad been thus applied. After he had testified that the cheque was returned to Hines, the following questions were put and rulings made, as the appeal book shows :
Q. Will you give us the circumstances under which it was returned ?
A. The circumstances under which it was returned was, Hines claims, against the company.
Objected to. Objection sustained. Exception taken by the defendants.
(Witness continues.) Hr. Hines was supposed to be responsible.
*53 Q. Do you know what the amount of the claim was that Mr Hines had against the corporation at the time the cheque was returned ?
Objected to. Objection sustained. Exception taken by defendants.
Q. Did he take that cheque in satisfaction of any indebtedness he had against the corporation % If so, state the circumstances under which it was given.
Objected to. Objection sustained. Exception taken by defendants.
The objection to the first question appears to have been made after the witness had begun to answer, but was in time to prevent him from making any really intelligible response. The effect of the several rulings was to exclude any detailed statement of the transactions attending the redelivery of the cheque.
We think the witness should have been permitted to state fully all the circumstances under which this' $15,000 cheque was transferred back to Hines. His testimony on this point would have related to the main issue in the case, as stated by the learned judge at the conclusion of the charge, when he told the jury that it was for them to say, * On the evidence of Binns, whether the $15,000 cheque which Hines originally gave to the commissioners, was turned over to him by the company in good faith, in settlement or part settlement of his claim against the company.” The counsel for the respondent argues that after the exceptions were taken to which we have referred, the witness was allowed to testify as to the circumstances called for by the foregoing questions; but it nowhere appears that similar interrogatories were again put, which he was permitted to answer, or that he was at any time afforded an opportunity to narrate the circumstances of the transaction in full. , If the testimony sought to be elicited by these questions after-wards got into the case the record before us on the present appeal fails to show it.
That the exclusion of this evidence was detrimental to the defense can hardly be doubted, when we consider the fact that the trial judge in charging the jury commented upon the omission of this very witness to state particulars as to the return of the cheque, saying: “Binns simply says it was done. Who did it, when it was done, how it was done, we are not informed.” It would seem that this information might have been furnished if the plaintiff had not kept it from the jury by the objections which have been considered.
Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.
Van Brunt P J . and Macomber, J , concur